## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RUDELL E. JOHNSON, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:22-cv-05697 |
| LJ ROSS ASSOCIATES, INC. | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** RUDELL E. JOHNSON ("Plaintiff"), by and through his undersigned attorney, complaining of the Defendant, LJ ROSS ASSOCIATES, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §169 and Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"),  815 ILCS 505/1.

### JURISDICTION AND VENUE

2.    Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Illinois, Defendant conducted business in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

## PARTIES

4.     Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.     Defendant is a debt collection agency with a primary business location of 4 Universal Way, Jackson, MI 49202.

6.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as its principal business purpose is the collection of defaulted debts owed to others.

7.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

8.     Prior to the events giving rise to this action, Defendant began placing unsolicited telephone calls to Plaintiff's cellular phone.

9.     Plaintiff was perplexed as to why the Defendant was be calling his cellular phone.

10.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8802.

11.     At all times relevant, Plaintiff's number ending in 8802 was assigned to a cellular telephone service.

12.     At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

13.     In an effort to stop the unwanted calls, the Plaintiff answered a call from Defendant on September 9, 2022, and requested it stop calling his cellular phone.

14.     Unfortunately, Plaintiff's request fell on deaf ears as Defendant continued its harassing phone call campaign.

15.     In an attempt to investigate why the Defendant was calling him, Plaintiff placed a call to the Defendant on October 11, 2022.

16.     During this phone call, Defendant's representative advised they were "trying to reach Tisha Johnson ("Tisha") for a personal matter." Plaintiff then advised Defendant's representative that there was not a Tisha at his phone number and asked why they were still calling his phone number after he had asked for the calls to stop.

17.     Plaintiff also asked how Defendant got his phone number and inquired as to why they were calling him, yet looking for Tisha. Unfortunately, Defendant's representative refused to answer Plaintiff's questions and simply stated that his number would be removed from the matter.

18.     From September 2022 through present, Defendant placed numerous harassing collection calls to Plaintiff's cellular phone.

19.     Plaintiff had no chance but to submit to the Defendant's harassing phone calls even though the debt that Defendant was attempting to collect on was not his.

20.     Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being.

21.     Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further contacting him about a debt that he did not owe, thus incurring costs and expenses.

### COUNT I
**Fair Debt Collection Practices Act**

22.     Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23.     Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

24.     The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25.     Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is to collect defaulted debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

26.     Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects defaulted debts owed or asserted to be owed or due to another.

27.     Defendant used the phone to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

**a.     Violations of FDCPA §1692e**

28.     Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the subject debt. The subject debt was not owed at the time Defendant made its collection calls to Plaintiff as the debt the Defendant was attempting to collect does not belong to Plaintiff.

29.     Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. Defendant attempted to collect the subject debt from Plaintiff despite Plaintiff not owing the subject debt. Despite having actual knowledge of error, Defendant bombarded Plaintiff with collection calls in an attempt to dragoon Plaintiff into paying a debt that was not owed.

30.     Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure payments on the subject debt, Defendant willingly ignored the fact that Plaintiff did not owe the debt.

31.     Defendant knew or should have known that repercussions for collection on a debt not owed.

**b.     Violation of FDCPA §1692f**

32.     Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. The subject debt was not owed by the Plaintiff.

33.     Plaintiff requested the telephone calls stop, but Defendant bombarded Plaintiff with collection efforts anyway in hopes that Plaintiff would make a payment on a debt that he did not owe.

34.     Defendant violated §1692f(1) by attempting to collect the subject debt from Plaintiff when he did not owe the subject debt. By operation of law, Defendant did not have a legal right to collect a debt not legally owed by the Plaintiff at the time Defendant requested additional payment.

35.     As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was not owed at the time it made demands for payment.

36.     Upon information and belief, Defendant has no system in place to identify and cease collection of debts not owed.

37.     As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff RUDELL E. JOHNSON requests that this Honorable Court:

a.      Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.      Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.      Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d.      Award any other relief as this Honorable Court deems just and appropriate.

**COUNT II**
**Illinois Consumer Fraud and Deceptive Business Practices Act**

38.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

39.     The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") provides:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

40.     Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

41.     Defendant violated 815 ILCS 505/2 by engaging in unfair and deceptive acts in its attempts to collect debt from Plaintiff.

42.     It was unfair for Defendant to continue to place incessant collection calls to Plaintiff after he requested that the collections calls cease.

43.     It was unfair for Defendant to place numerous calls to Plaintiff's cellular phone after it was notified that the calls were unwanted.

44.     It was unfair for Defendant to attempt to bully Plaintiff into making a payment on the subject debt by pounding Defendant with harassing collection calls.

45.     Plaintiff had no choice but to submit to Defendant's phone calls. Specifically, the only option available to Plaintiff to escape Defendant's phone calls was to turn off his cellular phone. However, given the imperative function cellular phones play in today's society, Plaintiff had no reasonable alternative other than to submit to Defendant's phone calls.

46.     The phone harassment campaign that Defendant unleashed on Plaintiff was against public policy, unethical, and oppressive.

47.     Upon information and belief, Defendant systematically places harassing phone calls to consumers in Illinois in order to aggressively collect debts.

48.     Upon information and belief, placing unwanted harassing phone calls to consumers is an unfair business practice willfully employed by Defendant on a mass scale.

49.     As pled above, Plaintiff was harmed by Defendant's unfair conduct.

50.     The ICFA was designed to protect consumers such as Plaintiff from the precise conduct committed by Defendant.

51.     An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, and showed a reckless disregard for the rights of the Plaintiff and similarly situated consumers.

**WHEREFORE**, Plaintiff requests the following relief:

a.  a finding that Defendant violated Illinois Stat. §§ 815 ILCS 505/2;

b.  an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

c.  an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

d.  an award of court costs and reasonable attorney's fees incurred by Plaintiff pursuant to 815 ILCS 505/10a(c); and

e.  an award of such other relief as this Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: October 18, 2022                          Respectfully Submitted,

*/s/ Alexander James Taylor*
Alexander James Taylor, Esq.
Counsel for Plaintiff
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com